16-2325-ag(L)
NLRB v. Long Island Ass'n for AIDS Care, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 31st day of August, two thousand seventeen.

Present:    JON O. NEWMAN,
            PIERRE N. LEVAL,
            ROSEMARY S. POOLER,
                 *Circuit Judges*.

───────────────────────────────────────────

NATIONAL LABOR RELATIONS BOARD,

                 *Petitioner-Cross-Respondent*,

         v.                                          16-2325-ag(L)
                                                     16-2782-ag(XAP)

LONG ISLAND ASSOCIATION FOR AIDS CARE, INC.,

                 *Respondent-Cross-Petitioner*.[1]

───────────────────────────────────────────

Appearing for Petitioner:    Ruth E. Burdick, Deputy Assistant General Counsel, National Labor Relations Board (Julie Broido, Supervisory Attorney, Kyle A. deCant, Attorney, Richard F. Griffin, Jr., General Counsel, Jennifer Abruzzo, Deputy General Counsel, John H. Ferguson, Associate General Counsel, Linda Dreeben, Deputy Associate General Counsel, *on the brief*), Washington, D.C.

Appearing for Respondent:    David R. Ehrlich, Stagg, Terenzi, Confusione & Wabnik, LLP (Debra L. Wabnik, *on the brief*), Garden City, NY.

───────────────────────────

[1] The Clerk of Court is respectfully directed to amend the caption as above.

1

Appeal from the National Labor Relations Board.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the National Labor Relations Board be and it hereby is **ENFORCED**.

Before the Court is the July 1, 2016 application of Petitioner-Cross-Respondent National Labor Relations Board ("NLRB") to enforce, and the August 10, 2016 cross-petition of Respondent-Cross-Petitioner Long Island Association for AIDS Care, Inc. ("LIAAC") to review, the NLRB's June 14, 2016 decision and order. In that order, the NLRB held that LIAAC violated Section 8(a)(1) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(a)(1), by promulgating an unlawful confidentiality agreement ("Confidentiality Statement") and by terminating an employee for his refusal to sign the Confidentiality Statement. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We uphold the NLRB's findings of fact if supported by substantial evidence and the NLRB's legal determinations if not arbitrary and capricious." *Cibao Meat Prods., Inc. v. NLRB*, 547 F.3d 336, 339 (2d Cir. 2008). LIAAC argues that the Confidentiality Statement did not violate Section 8(a)(1) because: (1) the third paragraph of the Confidentiality Statement only prohibited discussion of non-public information but salaries were public information, and (2) the fourth paragraph only prohibited employee speech to the media as a representative of LIAAC, but not employee speech to the media in an employee's individual capacity. LIAAC's interpretations are wholly unpersuasive in light of the broad language of the Confidentiality Statement. Regarding the third paragraph, the NLRB permissibly read it as chilling employee conversations about salaries because salaries were explicitly listed as one of the topics employees were prohibited from discussing. *See NLRB v. Vanguard Tours, Inc.*, 981 F.2d 62, 67 (2d Cir. 1992). Regarding the fourth paragraph, there is no language in the Confidentiality Statement limiting its prohibition on talking to the media to instances in which the employee is acting as LIAAC's representative versus when the employee is acting in his or her individual capacity. "Because of the likely chilling effect of [these provisions of the Confidentiality Statement], the [NLRB] may conclude that the [third and fourth paragraphs of the Confidentiality Statement were] unfair labor practice[s] even absent evidence of enforcement." *Id.*

"We review for abuse of discretion the [NLRB's] decision" to impose remedies. *Serv. Emps. Int'l Union, Local 32BJ v. NLRB*, 647 F.3d 435, 449 (2d Cir. 2011). The NLRB did not abuse its discretion in requiring LIAAC to post the Notice to Employees in this case. The Notice to Employees is commensurate with effectuating the policies of the NLRA. *See Virginia Elec. & Power Co. v. NLRB*, 319 U.S. 533, 540 (1943) (explaining a remedial order will withstand our limited scrutiny "unless it can be shown that the order is a patent attempt to achieve ends other than those which can fairly be said to effectuate the policies of the" NLRA).

The remaining issues on appeal are disposed of in a per curiam opinion filed this day. Accordingly, the order of the National Labor Relations Board hereby is ENFORCED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk